PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO. 1:17-CR-342-2 |
| Plaintiff-Respondent, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| EDUARDO RIOS VELASQUEZ, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendant-Petitioner. | ) | [Resolving ECF Nos. 157, 158, 161, and |
| | ) | 162] |

Pending is *pro se* Petitioner Eduardo Rios Velasquez' Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 148), Motion For Leave to Amend Motion to Vacate 2255 (ECF No. 157), Second Motion for Leave to Amend to Vacate and/or Correct Sentence (ECF No. 158), Motion to Dismiss "Habeas Corpus" Pursuant to Fed.R.Civ.P.12(b) and Rule 41(a) for Lack of Statutory Jurisdiction (ECF No. 161), and Motion to Compel Documents of Trial Counsel's "Work File" (ECF No. 162).

The Government does not oppose Petitioner's Motion for Leave to Amend (ECF No. 173), Second Request for Leave to Amend/Vacate (ECF No. 174), and Motion to Dismiss (ECF No. 176). The Government states that it has no position on Petitioner's Motion to Compel Trial Counsel's Work (ECF No. 177), yet gestures its disapproval by suggesting Petitioner has failed to develop facts demonstrating how such discovery would entitle him to relief.

The Court has been advised, having been reviewed the record, the parties' briefs, and the applicable law.

(1:17-CR-342-2)

## I.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") limits a defendant to his direct appeal and one collateral attack, filed within one year of the date his conviction becomes final. 28 U.S.C. §§ 2244(b) and 2255. Paragraph (f) of 28 U.S.C. § 2255 provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> **(1)** the date on which the judgment of conviction becomes final;
>
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id*.

Generally, "a conviction becomes final for purposes of collateral attack at the conclusion of direct review." *United States v. Cottage*, 307 F.3d 494, 498 (6th Cir. 2002). When a federal criminal defendant takes a direct appeal of his conviction to the court of appeals, his judgment of conviction becomes final "upon the expiration of the 90–day period in which the defendant could have petitioned for certiorari to the Supreme Court, even when no certiorari petition is filed. *Sanchez–Castellano v. United States*, 358 F.3d 424, 426–27 (6th Cir. 2004) (citing *Clay v. United States,* 537 U.S. 522, 532 (2003)).

2

(1:17-CR-342-2)

Petitioner's conviction became final for § 2255 purposes on December 18, 2023, ninety days after the Sixth Circuit affirmed the Court's judgment as to Petitioner on September 19, 2023. *See* Mandate (ECF No. 154). For this reason, the statute of limitations ran until December 18, 2024, one year from the date that Petitioner's conviction became final.[1]

## II.

### A. Leave to Amend

According to the Sixth Circuit, "[a] motion to amend a § 2255 motion is governed by Federal Rule of Civil Procedure 15(a), which provides that leave to amend a pleading should be 'freely give[n] . . . when justice so requires." *United States v. Clark*, 637 Fed.Appx. 206, 208 (6th Cir. 2016) (quoting Rule 15(a)) (alteration in original); *see also Oleson v. United States*, 27 F. App'x 566, 568 (6th Cir. 2001) (applying Rule 15 to a § 2255 motion).

Petitioner's Motion For Leave to Amend Motion to Vacate 2255 (ECF No. 157) and Second Motion for Leave to Amend to Vacate and/or Correct Sentence (ECF No. 158) were filed within the one-year statute of limitations. *See* 28 U.S.C. § 2242 (explaining that an application for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions."); *Anderson v. United States*, 39 Fed.Appx. 132, 136 (6th Cir. 2002).

The Court hereby grants the leave sought and will consider the amendments alongside Petitioner's initial motion.

### B. Petitioner's Motion to Dismiss

---

[1] Petitioner believes that the final date in which he could have raised a motion to vacate under § 2255 fell on November 28, 2024. *See* ECF No. 161-1 at PageID #: 3407.

3

(1:17-CR-342-2)

Petitioner moves the Court to allow him to voluntarily dismiss his pending motion to vacate under § 2255, so that he may file a different motion to vacate under § 2255. The Court denies the motion as futile, because if granted, Petitioner would be procedurally barred from filing a new motion to vacate.

In the abundance of caution, the Court construes the arguments that Petitioner raises in his motion to dismiss as an argument for equitable tolling.

To equitably toll AEDPA's one-year cutoff period, a petitioner must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Without "compelling equitable considerations, a court should not extend limitations by even a single day." *Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brookes Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

Petitioner alleges that the Court is jurisdictionally barred from considering his § 2255 application, because he filed the application during the pendency of his direct appeal. Not so. Petitioner appears to rely on the general principle "in the absence of extraordinary circumstances, a district court is precluded from considering a § 2255 application for relief during the pendency of the applicant's direct appeal." *Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir. 1998). *Capaldi*, however, did not create jurisdictional limitations. The Sixth Circuit held, the "*Capaldi* rule is not jurisdictional, but rather was adopted by this and other courts to promote judicial economy and the orderly administration of justice." *Joy v. United States*, No. 16-6494, 2017 WL 4513119, at *2 (6th Cir. Mar. 20, 2017); *see also* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 5, Adv. Comm. Notes (advising that while "there is no jurisdictional bar to the District Court's entertaining a Section 2255 motion during the pendency

4

(1:17-CR-342-2)

of a direct appeal[,] . . . the orderly administration of criminal law precludes considering such a motion absent extraordinary circumstances.")

*Joy* also persuades the Court to deny Petitioner's motion to dismiss. In *Joy*, *pro se* prisoner Kendall Joy filed a motion to vacate under § 2255 while his direct appeal was pending. No. 16-6494, 2017 WL 4513119, at *1. The Sixth Circuit issued its opinion affirming Joy's convictions and sentence, and soon thereafter, the district court denied appellant's motion to vacate on the merits and declined to issue a certificate of appealability. *Id*. Joy appealed the motion to vacate, while also moving to remand, arguing that his motion to vacate was premature, and that the district court should have allowed him to withdraw it or dismissed it without prejudice. *Id*. The Sixth Circuit disagreed, because "[t]he district court did not 'consider' his motion to vacate while his direct appeal was pending—it denied the motion after this court resolved his appeal." *Id*. at *2. The Sixth Circuit also recognized that Joy "had sufficient time to move to amend his motion to vacate" to add additional claims.

As *Joy* recognizes, the Court will not violate the *Capaldi* rule because the Sixth Circuit ruled on the direct appeal before the Court addressed Petitioner's motion to vacate. Nor will Petitioner be prejudiced if the Court considers his motion to vacate, because Petitioner had time to amend his motion to vacate, twice. In the interest of judicial economy, it is appropriate to hear Petitioner's motion to vacate at this juncture, rather than allowing him to dismiss it and file a new one.

The Court is also unpersuaded by Petitioner's arguments that the purported "show cause order" interfered with his ability to file a writ of certiorari to the United States Supreme Court, and that dismissing his motion would allow him the chance to seek a writ of certiorari, "because

5

(1:17-CR-342-2)

Petitioner did inform appellate counsel to file/seek a writ of certiorari if the direct appeal was denied." See ECF No. 161 at PageID #: 3405-06.[2]

Petitioner appears to believe that filing a premature § 2255 motion precluded him from filing a writ of certiorari. That belief is wrong. As noted above, in unusual and extraordinary circumstances, a defendant in a federal criminal prosecution may simultaneously have a direct appeal and a § 2255 proceeding occur simultaneously. Furthermore, if Petitioner's assertion is correct—that his counsel failed to file a writ of certiorari on direct appeal—his ineffective assistance of counsel claim is better represented in a § 2255 motion. See *United States v. Burrell*, 114 F.4th 537, 548 (6th Cir. 2024) (recognizing "'our typical approach to ineffective-assistance claims on direct appeal is to decline to address such claims unless 'trial counsel's ineffectiveness is apparent from the record.'" (citation omitted); *see also United States v. Franklin*, 415 F.3d 537, 555 (6th Cir. 2005) (maintaining "it is our general practice not to consider ineffective assistance claims on direct appeal because they are better left to a post-conviction motion to vacate under 28 U.S.C. § 2255.").

Because granting Petitioner's motion to dismiss would be futile, and the Court finds no reason for equitably tolling AEDPA's statute of limitations, the Court denies Petitioner's Motion to Dismiss.

**C. Petitioner's Motion to Compel**

---

[2] Petitioner misconstrues the Court's Order (ECF No. 150) instructing the Government to respond to Petitioner's motion to vacate and Motion for Indicative Ruling as a "Show Cause" Order.

6

(1:17-CR-342-2)

Petitioner moves the Court to compel his trial counsel, Jack W. Bradley, to produce his work, claiming the production would aid him in file challenging the effectiveness of Attorney Bradley's assistance and adequacy during trial proceedings. ECF No. 162 at PageID #: 3408.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Instead, discovery in § 2255 habeas proceedings is governed by Rule 6 of the Rules Governing Section 2255 Proceedings, which permits discovery only with leave of court after a showing of good cause. *See Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004) (acknowledging that a district court may allow discovery in collateral proceedings if "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.") (quoting *Bracy*, 520 U.S. at 908-909); *see also United States v. Atkin*, 80 F. Supp.2d 779, 785 (N.D. Ohio Jan. 7, 2000) (citing *Lynott v. Story*, 929 F.2d 228, 232 (6th Cir. 1991)). Allowing new discovery is inappropriate when "[t]he discovery sought by [the habeas petitioner] would not resolve any factual disputes that could entitle him to relief, even if the facts were found in his favor." *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001)

Generalized or conclusory statements regarding the possibility of the existence of discoverable material are not enough to establish the requisite good cause. *Williams*, 380 F.3d at 974. A "district court does not abuse its discretion in denying a habeas petitioner's request for discovery, when the request falls more in the category of a 'fishing expedition masquerading as discovery.'" *Burns v. Lafler*, 328 F. Supp. 2d 711, 718 (E.D. Mich. 2004) (quoting *Stanford*, 266 F.3d at 460); *see also United States v. Gabor*, No. 1:10CR0387, 2016 WL 199041, at *3 (N.D. Ohio Jan. 18, 2016) (denying discovery after defendant did not show "good cause for the discovery he seeks, and the nature of his proposed discovery requests highlights the fact that he

7

(1:17-CR-342-2)

is attempting to undertake a fishing expedition in the hopes of uncovering some unknown evidence to support his § 2255 claims"). Additionally, if the requested discovery is merely cumulative or otherwise immaterial, the court does not err in denying the petitioner's request for discovery. *Williams*, 380 F.3d at 976-77.

Petitioner's motion requesting discovery fails to demonstrate how discovery will allow him to develop facts that would assist him to relief of showing counsel provided ineffective assistance of counsel at trial. ECF No. 162 at PageID #: 3409; *Stanford*, 266 F.3d at 460 ("bald assertions and conclusory allegations do not provide sufficient ground to warrant" a habeas petitioner's request for discovery) (quoting *Zettlemoyer v. Fulcomer*, 923 F.2d 284, 301 (3d Cir. 1991)).

The Court finds that Petitioner fails to establish the requisite "good cause" necessary for the Court to grant a discovery request under Rule 6(a).

### IV.

Accordingly, the Court,

- Grants Petitioner's Motion for Leave to Amend (ECF No. 157) and Second Motion for Leave to Amend (ECF No. 158);

- Denies Petitioner's Motion to Dismiss "Habeas Corpus" Pursuant to Fed.R.Civ.P.12(b) and Rule 41(a) for Lack of Statutory Jurisdiction (ECF No. 161);

- Denies Petitioner's Motion to Compel Documents of Trial Counsel's "Work File" (ECF No. 162);

(1:17-CR-342-2)

- The Government shall respond to the merits of Petitioner's amended motion to vacate within 21 days. *See* [Rules Governing § 2255 Proceedings for the United States District Courts](); and,

- Petitioner shall serve and file a reply, if any, within 14 days after service of the Government's response or other pleading.

IT IS SO ORDERED.

June 6, 2025  /s/ Benita Y. Pearson
Date  Benita Y. Pearson
  United States District Judge