PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-EASTERN DIVISION

| | | |
|---|---|---|
| EDUARDO RIOS VELASQUEZ, | ) | |
| | ) | CASE NO.  1:17-cr-342-2 |
| Petitioner, | ) | (1:22-cv-2279) |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Respondent. | ) | **AND ORDER** |
| | ) | [Resolving ECF Nos. 148] |

Pending before the Court is *Pro Se* Petitioner's Motion to Vacate and/or Correct Petitioner's Sentence (ECF No. 148), which the Court construes as a motion to vacate or amend sentence under 28 U.S.C. § 2255.[1]  The Government opposed Petitioner's initial motion.  ECF No. 153.  Subsequently, Petitioner twice sought leave to amend his motion for relief, the Court granted each.  *See* First Amendment, ECF No. 157-1; Second Amendment, ECF No. 158-1; Memorandum of Opinion and Order, ECF No. 180 at PageID #: 3473.  The Government opposed Petitioner's amended motion.  ECF No. 182.[2]  For the reasons stated herein, Petitioner's Motion to Vacate and/or Correct Sentence, as amended, is denied.

---

[1] *See Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001) (citing *Cruz v. Beto*, 405 U.S. 319 (1972)).

[2] The Sixth Circuit recently denied Velasquez's petition for a writ of mandamus directing this Court to rule on his pending § 2255 motions, concluding that the motions have been fully briefed only since June 2025, "well short of the 'lengthy, unjustified, and inexplicable delays' that justify the extraordinary writ."  *In re Velasquez*, No. 25-3122, ECF No. 7-1 (6th Cir. Sept. 17, 2025).

(1:17CR342-2)
(1:22CV2279)

# I.    BACKGROUND

## A.  Petitioner's Criminal Conviction

In 2017, Petitioner Eduardo Rios Velasquez was in the community on probation when he and his co-defendant, federal inmate Angel Cordero, schemed to murder Tyra Goines—whom they believed was involved in stealing drugs and money during a home invasion where one of their acquaintances was killed.  Tr. of Jury Trial, Vol. 2, ECF No. 44 at PageID #: 1221.  In addition to the murder-for-hire scheme, Velasquez and Cordero conspired to ship a package of cocaine from Puerto Rico to Ohio using the United States Postal Service.  Updated Present'g Investigation Rep., ECF No. 125 at PageID #: 3043, ¶ 21.  Petitioner communicated with Cordero, who was incarcerated in New Jersey, by cellphone.  ECF No. 125 at Page ID ##: 3043-45.

In August 2017, a grand jury indicted Velasquez with conspiracy to commit murder-for-hire, in violation of 18 U.S.C. § 1958 (Count 1); and conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846 (Count 2).  *See* Indictment, ECF No. 8 at PageID #: 16-18.  At trial, a jury found both defendants guilty on all counts.  Tr. of Jury Trial, Vol. 7, ECF No. 54 at PageID #: 2289-91.  The jury also found that the amount of cocaine involved was more than 500 grams, but less than 5,000 grams.  ECF No. 54 at PageID #: 2289-91; *see also* Jury Verdict Forms, ECF No. 57 at PageID #: 2316-17.

## B.  Initial Sentence and Appeal

During his initial sentencing hearing in July 2019, the Court concluded that Velasquez was a career offender with a total offense level 37 and Criminal History Category VI.  Tr. of Proc. Sent'g Hr'g, ECF No. 114 at PageID #: 2882.  The Court varied downwards to Criminal

2

(1:17CR342-2)
(1:22CV2279)

History Category III and imposed a 262-month sentence on Count 2 (conspiracy to distribute cocaine) and ordered that it be served concurrent to a 120-month sentence on Count 1 (conspiracy to commit murder-for-hire).  ECF No. 114 at PageID #: 2882-83; Crim. J., ECF No. 96.  Velasquez appealed his conviction and sentence.  ECF No. 100.  On appeal, the Sixth Circuit Court of Appeals affirmed the conviction but ordered a limited remand to allow the district court to resentence Velasquez for two reasons.  *United States v. Cordero*, 973 F.3d 603, 625-27 (6th Cir. 2020).

First, the Sixth Circuit found that Velasquez was improperly sentenced as a career offender.  The court noted that the career offender enhancement is only warranted if: (1) the defendant is at least 18 years old at the time of the instant offense; (2) the instant offense is a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.  *Id*. at 625 (citing U.S.S.G. § 4B1.1(a)).  The Government conceded, and the court concluded, that Velasquez did not satisfy the second requirement because: (1) murder-for-hire in violation of 18 U.S.C. § 1958 is not a "crime of violence" as defined by the Sentencing Guidelines; and (2) conspiracy to distribute cocaine was no longer a "controlled substance offense" under the Sentencing Guidelines after *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019), which was decided after Velasquez's sentencing.  *Cordero*, 937 F.3d at 625-26.

Second, the Sixth Circuit noted that the Government failed to address Velasquez's argument that he was entitled to a three-point reduction on Count 1 (conspiracy to commit murder-for-hire) under U.S.S.G. § 2X1.1, and Velasquez failed to address the district court's decision denying the reduction.  *Id*. at 626-27.  As such, the appellate court remanded the case to

3

(1:17CR342-2)
(1:22CV2279)

allow the district court to consider the issue anew and permit development of legal arguments

relating to application or denial of the three-level reduction.  *Id.* at 627.

      In addition, the Sixth Circuit concluded that the district court correctly set Velasquez's

base offense level for Count 1 at 33 pursuant U.S.S.G. § 2A1.5, as opposed to a base offense

level of 32 under U.S.S.G. § 2E1.4.[3]  *Id.* at 624-25 and 626.  The court included in a footnote

that although he preserved the objection during the sentencing hearing, Velasquez's appeal failed

to raise the issue of the four-point increase for an offense "involv[ing] the offer or the receipt of

anything of pecuniary value for undertaking the murder" pursuant to U.S.S.G. § 2A1.5(b)(1).  *Id.*

at 626 n.4.

### C.  Second Sentence and Appeal

#### 1.  *Updated Presentencing Investigation Report and Petitioner's Objections*

      After the case was remanded, the probation department prepared an updated presentence

investigation report ("PSR").  ECF No. 125.  Regarding Count 1, conspiracy to commit murder

for hire, Petitioner objected, in relevant part, to the PSR's: (1) use of U.S.S.G. § 2A1.5 to set his

base offense level, including the four-level increase under § 2A1.5(b)(1); (2) calculation setting

his criminal history level at 8 and placing him in Criminal History Category IV; and (3) decision

not to apply a three-level reduction to his base offense level under U.S.S.G. §2X1.1.

      First, Petitioner objected to the PSR's finding that his base offense level was 33, arguing

the Court should use the base offense level of 32 established in U.S.S.G. § 2E1.4.  ECF No. 125

at PageID #: 3067.  He also argued that the four-level enhancement under § 2A1.5(b) was

---

    [3] "That Guideline instructs courts to apply a base offense level of 32 or 'the offense level applicable to the underlying unlawful conduct,' whichever is greater."  *Cordero*, 973 F.3d at 624 (citing U.S.S.G. § 2E1.4(a)).

4

(1:17CR342-2)
(1:22CV2279)

inapplicable because there was no exchange of money for the murder.  ECF No. 125 at PageID #: 3067.  Probation rejected these objections, stating: "defendant was convicted of conspiring to commit murder for hire.  Conspiracy or Solicitation to Commit Murder is determined to be the substantive offense and is found under § 2A1.5."  ECF No. 125 at PageID #: 3067.  The Court overruled the objection.

Second, Petitioner objected the PSR's findings that his offense conduct was not an "attempt" and that he was not entitled to a three-level reduction under U.S.S.G. § 2X1.1.  ECF No. 125 at PageID ##: 3065-66, 3067.  He argued that "there is nothing which demonstrates that any money passed hands even though there is a claim that money was going to be paid."  ECF No. 125 at PageID #: 3066.  In response, Probation concluded that § 2X1.1(b) was inapplicable because the "defendants completed the conspiracy to commit murder for hire when they engaged in a telephone conversation over state lines in which they discussed the murder for hire."  ECF No. 125 at PageID #: 3066.  The Court overruled the objection.

Finally, Petitioner objected to the PSR finding him at a Criminal History Category IV, arguing that his criminal conviction in Paragraph 70[4] should not have been included in his criminal history score.  As such, Petitioner argues his criminal history score should have been a 5 rather than an 8, placing him in Criminal History Category III, not Category IV.  ECF No. 125 at PageID #: 3066.  Probation responded that the calculation was correct.  ECF No. 125 at PageID #: 3066.  The Court overruled the objection.

---

[4] Petitioner's original objection was to Paragraph 60.  ECF No. 125 at PageID #: 3066.  The updated PSR assigned no points for the conviction described in that Paragraph. ECF No. 125 at PageID #: 3048, ▶ 60.  Petitioner was, however, assigned 3 points for the conviction described in Paragraph 70, relating to his felony conviction in federal court for possession with intent to distribute cocaine.  ECF No. 125 at PageID #: 3052, ▶ 70.

5

(1:17CR342-2)
(1:22CV2279)

Concerning Count 2, conspiracy to possess with intent to distribute more than 500 grams but less than 5,000 grams of cocaine, the base level was 24 under U.S.S.G. § 2D1.1(c)(8).  After applying a multiple-count adjustment under U.S.S.G. § 3D1.4, Probation recommended finding that Velasquez's total offense level was 37, Criminal History Category IV, yielding an advisory guideline range of 292 to 365 months.  ECF No. 125 at PageID ##: 3046, 3058, ¶¶ 50, 104.   The Court agreed.

### 2.   Petitioner's Resentencing Hearing

At the resentencing hearing, and consistent with the Sixth Circuit's opinion, the Court found Petitioner's base offense level remained 33 for Count 1.  Tr. of Proc. Resent'g Hr'g, ECF No. 139 at PageID #: 3177.  Regarding Petitioner's objections to the four-point increase under § 2A1.5(b), the Court concluded that the issue was not properly before it because Petitioner did not raise that issue on appeal, as indicated in the Sixth Circuit's opinion.  ECF No. 139 at PageID ##: 3177-78; see Cordero, 973 F.3d at 626 n. 4.  Nevertheless, the Court stated: "In the event there was a remand, I sustain or maintain my earlier position that the four-level enhancement pursuant to 2A1.5(b) is appropriate for the reasons I hereby incorporate from the earlier record."  ECF No. 139 at PageID #: 3178.

The Court then considered whether Petitioner was entitled to a three-level reduction under § 2X1.1.  ECF No. 139 at PageID #: 3179.  Section 2X1.1 provides, in relevant part:

> If a conspiracy, decrease by 3 levels, unless the defendant or a co-conspirator completed all the acts the conspirators believed necessary on their part for the successful completion of the substantive offense or the circumstances demonstrate that the conspirators were about to complete all such acts but for apprehension or interruption by some similar event beyond their control.

6

(1:17CR342-2)
(1:22CV2279)

U.S.S.G. § 2X1.1(b)(1).  The Court declined to apply the reduction, reasoning that the co-conspirators, and Petitioner in particular, completed all the acts they believed necessary on their part for the successful completion of the substantive offense (*i.e.*, murder for hire).  ECF No. 139 at PageID ##: 3178-79.

In determining Velasquez's criminal history category, the Court understood the PSR set Petitioner's criminal history score at a 6 because he was "under a criminal justice sentence, another federal sentence of supervision" at the time of the instant offense.  ECF No. 139 at PageID #: 3182.  Adding two points because of the criminal justice sentence, the Court calculated Petitioner's criminal history score at 8, putting him in Criminal History Category IV.  ECF No. 139 at PageID #: 3182.  Neither the Government, nor defense counsel objected to this calculation, though defense counsel noted Velasquez did not agree that the juvenile conviction should be scored in relation to his career offender status—which the Sixth Circuit had already dispensed with in the first appeal.  ECF No. 139 at PageID #: 3182-83; *see Cordero*, 973 F.3d at 625 (holding Velasquez did not satisfy the second requirement to apply the career offender enhancement).  The Court also remarked that during Petitioner's initial sentencing hearing, the Court varied downwards from a Criminal History Category VI to a Category III so as to impose a sentence "sufficient, not greater than necessary" under 18 U.S.C. § 3553(a).  ECF No. 139 at PageID #: 3183.

Considering Velasquez's statements that he was no longer classified as a career offender, had been a model inmate, was deeply remorseful and ashamed of his criminal actions, and desired to be a more productive human being, (ECF No. 139 at PageID ##: 3185-97), the Court varied downwards one category and one offense level.  This placed Petitioner at a total offense level 36 and a Criminal History Category III with an advisory guideline range of 235 to 293

7

(1:17CR342-2)
(1:22CV2279)

months for Count 2.  For Count 1, the Court sentenced Petitioner to 120 months—the statutory maximum.  For Count 2, the Court sentenced Petitioner to 240 months, to be served concurrent to Count 1.  Petitioner's new sentence is 22 months below his initial sentence.  ECF No. 139 at PageID ##: 3203-04.

### 3.  Petitioner's Direct Appeal

Velasquez appealed his amended sentence.  ECF No. 136.  The Sixth Circuit affirmed, holding that "the district court properly determined that [Velasquez's] underlying conduct was conspiracy to commit murder and, thus rightly referred to the Guideline governing 'Conspiracy or Solicitation to Commit Murder,' U.S.S.G. § 2A1.5" as opposed to U.S.S.G. § 2E1.4.  *United States v. Velasquez*, 81 F.4th 583, 587 (6th Cir. 2023).  The appellate court also held that "the district court properly found the four-level increase appropriate and assigned Velasquez an offense level of 37."  *Id*.

The Sixth Circuit also affirmed the Court's decision not to apply a three-level reduction based on a plain reading of § 2X1.1(c), which provides that "[w]hen an attempt, solicitation, or conspiracy is expressly covered by another offense guideline section, apply that guideline section."  *Id*. at 588.  Because § 2A1.5 "expressly covers conspiracy" to commit murder, the Sixth Circuit concluded that "§ 2X1.1 falls out of the picture."  *Id*.

### A.  Petitioner's Motion to Vacate and Amendments

In December 2022, Petitioner filed his initial petition to vacate and/or correct his sentence.  ECF No. 148 at PageID #: 3288.  In the several paragraphs offered, Petitioner essentially raised the following grounds for relief:

1.  Petitioner was never given the opportunity to object to the 21 U.S.C. § 851 designation.

8

(1:17CR342-2)
(1:22CV2279)

2.  [The] 21 U.S.C. §851 enhancement was rendered in violation of Mr. Velasquez's rights against excessive, cruel and unusual punishment, whereas if Mr. Velasquez was sentenced without the erroneous § 851 enhancement, he would have received a level 24 of category 3 with a 63 to 78 month sentencing guideline range.

ECF No. 148 at PageID #: 3288-90.

In October 2023, Petitioner filed a Motion for Leave to Amend Motion Under 28 U.S.C. § 2255 (ECF No. 157), which included nine additional grounds for relief:

1.      [Ground One]
Mr. Velasquez was denied the right to effective assistance of counsel, that is guranteed [sic] by the Sixth Amendment of the United States Constitution, when trial counsel failed to object and/or challenge during sentencing, the invalid 2006 prior federal drug offense.

2.      [Ground Two]
Mr. Velasquez is "actual innocence" of an enhaced [sic] sentence pursuant to Title 21 U.S.C. § 851 & § 841(b)(1)(B), because he no longer have [sic] the require predicates to trigger the enhancement.

3.      [Ground Three]
Mr. Velasques [sic] was denied the right to effective assistance of counsel, that is guranteed [sic] by the Sixth Amendment of the United States Constitution when trial counsel failed to seek a favorable plea-offer, after learning that Velasquez['s] co-defendant received the Government's proposed jointly plea-offer beyond the expiration date.

4.      [Ground Four]
Mr. Velasquez was denied the right to effective assistance of counsel, when Counsel failed to ensure that the Court answer both of the jury legal questions.

5.      [Ground Five]
The Court committed a "structural error" when the Court failed to answer the Jury's second legal question(s).

6.      [Ground Six]
Mr. Velasquez was denied his right to the effective assistance of counsel, that is guaranteed by the Sixth Amendment of the United States Constitution, when appellate-counsel failed to raise, brief and argue, that "the district court abuse [sic] its discretion when it failed

9

(1:17CR342-2)
(1:22CV2279)

to reduce Velasquez's sentence, by two-level reduction for the acceptance of responsibility under U.S.S.G. §3E1.1(a).["]

       7.     [Ground Seven]

Mr. Velasquez was denied the right to effective assistance of counsel, that is guaranteed by the Sixth Amendment of the United States Constitution, when appellate counsel failed to raise, brief and argue on appeal, that Velasquez, for the purpose of insufficient evidence, lacked the knowledge of "intent" to received [*sic*] something of pecuniary value in which is an essential element of the offense: and that he had a personal stake in the victims' murder.

       8.     [Ground Eight]

The District Court lacked jurisdiction and violated Mr. Velasquez's right to due-process [*sic*], when it failed to hold the mandatory hearing, before imposing sentence, after the guilty verdict to determine whether Mr. Velasquez affirm [*sic*] or deny [*sic*] the prior federal 2006 drug conviction, and affirm him that and challenge to that conviction validity must precede imposition of sentence.

       9.     [Ground Nine]

Mr. Velasquez was denied the right to effective assistance of counsel, when counsel failed to object prior to Velasquez sentencing and/or at his sentencing to the presentence investigation report, erroneously listed him facing on (Count Two) the minimum term of imprisonment of ten years and the maximum term of life, when the first step act of 2018, Changed the mandatory minimum sentence under Title 21 U.S.C. §841(b)(1)(B).

ECF No. 157 at PageID ##: 3348-50.

In November 2023, Petitioner filed a Second Motion For Leave to Amend Motion to Vacate and/or Correct Sentence (ECF No. 158), which added a final ground for relief:

       1.     [Ground Ten]

Mr[.] Velasquez was denied the right to effective assistance of counsel, that is guaranteed by the Sixth Amendment of the United States Constitution, when appellate-counsel fail [*sic*] to raise, brief and argue for plain-error review and/or abuse of discretion, "the district court error [*sic*] when it fail [*sic*] to explicitly and adequately explain its reasons for imposing a sentence on (Count Two), aboved [*sic*] the statutory maximum."

10

(1:17CR342-2)
(1:22CV2279)

ECF No. 158-1 at PageID #: 3392.  Although the numbering in Petitioner's three filings (ECF

Nos. 148, 157, and 158) is inconsistent, the Court understands that the grounds for relief

included in the two amendments are in addition to the two grounds for relief set forth in the

initial motion, resulting in 12 total grounds for relief under § 2255.

      As indicated above, the Court granted Petitioner's two motions to amend (ECF No. 180)

and the Government has responded (ECF No. 182) to them.  The Court considers the additional

grounds for relief alongside those articulated in Petitioner's initial motion.  ECF No. 148.

## II.     STANDARD OF LAW

### A.  Section 2255 Legal Standard

Title 28 U.S.C. § 2255 sets forth four grounds upon which a federal prisoner may base a

claim for relief: (1) the sentence was imposed in violation of the Constitution or the laws of the

United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence

was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to

collateral attack.  28 U.S.C. § 2255.  In general, to prevail on a § 2255 motion alleging a

constitutional error, Petitioner must show an error of constitutional magnitude that had a

substantial and injurious effect or influence on the proceedings.  *Brecht v. Abrahamson*, 507 U.S.

619, 637-38 (1993).  Petitioner must prove by a preponderance of the evidence that his

constitutional rights were denied or infringed.  *United States v. Brown*, 957 F.3d 679, 690 (6th

Cir. 2020).

      To prevail on a non-constitutional error, the petitioner must establish a "fundamental

defect which inherently results in a complete miscarriage of justice, or an error so egregious that

it amounts to a violation of due process."  *Watson v. United States*, 165 F.3d 486, 488 (6th Cir.

1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)) (internal

(1:17CR342-2)
(1:22CV2279)

quotations omitted).  In order to obtain this form of collateral relief, "a prisoner must clear a

significantly higher hurdle than would exist on direct appeal," *United States v. Frady*, 456 U.S.

152, 166 (1982), because "[o]nce the defendant's chance to appeal has been waived or exhausted

. . . we are entitled to presume he stands fairly and finally convicted."  *Id*. at 164.

### B.  Evidentiary Hearing.

"Where a § 2255 motion and the files and records of the case conclusively show that the

moving party is entitled to no relief, . . . no hearing of any kind is required[,]" including an

evidentiary hearing.  *Green v. United States*, 65 F.3d 546, 548 (6th Cir. 1995) (citing *Bryan v.

United States*, 721 F.2d 572, 577 (6th Cir. 1983), *cert. denied*, 465 U.S. 1038 (1984)).  The Court

finds that the motion at bar may be resolved without an evidentiary hearing because the files and

records in this case conclusively show that Petitioner is not entitled to relief under § 2255.  *Ross

v. United States*, 339 F.3d 483, 490 (6th Cir. 2003).

### III.    LAW AND ANALYSIS

### A.  Grounds Asserted in Petitioner's **§ 2255** Motion

Petitioner has presented 12 grounds upon which he argues he is entitled to relief under 28

U.S.C. § 2255.  Those grounds are categorized as follows.

First, in Grounds 1 and 2 in the initial motion (ECF No. 148) and Ground 2 in the first

amendment (ECF No. 157-1) Petitioner alleges that applying the 21 U.S.C. § 841 enhancement

because of his 2006 federal drug conviction violated his due process and fair notice rights under

the Fifth and Sixth Amendments and constitutes "cruel and unusual punishment" because the

underlying conduct of that conviction did not constitute a "serious drug offense" at the time of

his sentencing hearing.  *See* ECF Nos. 148 and 157.  Second, Grounds 1, 3, 4, and 9 in the first

amendment (ECF No. 157-1) allege ineffective assistance of trial counsel.  Third, Grounds 6 and

12

(1:17CR342-2)
(1:22CV2279)

7 in the first amendment (ECF No. 157-1) and Ground 10 in the second amendment (ECF No. 158-1) allege ineffective assistance of appellate counsel.  Finally, Grounds 5 and 8 in the first amendment allege non-constitutional "structural error" relating to the Court's response to the jury's legal questions during trial and that the Court lacked jurisdiction due to a failure to engage in a § 851(b) colloquy, respectively.  ECF No. 157.

      For the reasons set forth below, none of the grounds presented have merit and Petitioner's motion to vacate and/or amend his sentence under 28 U.S.C. § 2255 is denied.

      **B.  Petitioner's 2006 Federal Drug Conviction**

      Petitioner advances several grounds for relief based on his claim that the Government erroneously applied the sentencing enhancement to Count 2 under 21 U.S.C. § 841(b)(1)(B) in relation to his prior conviction in 2006 for possession with intent to distribute cocaine.  ECF No. 148; ECF No. 157-1.  To the extent Petitioner raises non-constitutional challenges concerning references to the 2006 federal drug conviction, such challenges should have been raised on direct appeal and are not appropriately raised for the first time in a §2255 motion.  *See Oppong v. U.S.*, No. 24-3246, 2025 WL 655542, at *4 (6th Cir. Feb. 28, 2025) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)).  To advance such claims at this juncture, Petitioner must demonstrate: (1) good cause for the failure to raise the issue on appeal and prejudice if he is not permitted to proceed; or (2) actual innocence.  *Id.*

      Section 841 provides, in relevant part:

> If any person commits such a violation after a prior conviction for a *serious drug felony* or serious violent felony has become final, such person shall be sentenced to a term of imprisonment which may not be less than 10 years and not more than life imprisonment . . .

21 U.S.C. § 841(b)(1)(B) (emphasis added).  Petitioner argues that his 2006 federal drug conviction no longer constitutes a "serious drug offense" because ioflupane, a cocaine analogue,

13

(1:17CR342-2)
(1:22CV2279)

was removed from Schedule II of the Controlled Substances Act on June 3, 2015. *See* Schedules of Controlled Substances: Removal of [123I]Ioflupane From Schedule II of the Controlled Substances Act, Fed. Reg. 22919 (Sept. 10, 2015); 21 C.F.R. § 1308.12(b)(4)(ii). *See also*, ECF Nos. 148 and 157-1.

The Government retorts that the enhancement was appropriate because the prior conviction was a "serious drug offense" under 18 U.S.C. § 924(e)(2)(A)(i),[5] meaning it "was an offense under the Controlled Substances Act (21 U.S.C. § 801, *et seq.*) for which a maximum term of imprisonment of ten years or more was prescribed by law, here, 40 years." ECF No. at 153 at PageID ##: 3329-30. In addition, the Government asserts that the prior offense was also a controlled substance offense under U.S.S.G. § 4B1.2, because:

> [i]t was an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibited the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

ECF No. at 153 at PageID #: 3330.

Plaintiff's argument that his 2006 conviction no longer triggers the § 841 enhancement is unpersuasive. The Supreme Court recently considered the impact of technical amendments to the federal drug schedules on prior drug convictions. *Brown v. United States*, 602 U.S. 101 (2024). Looking specifically to the statutory language of § 924(e)(2)(A)(i), which relates to federal drug statutes, the Supreme Court noted that Congress "clearly indicated" that past drug

---

[5] The Government cited 18 U.S.C. § 924(e)(2)(A)(ii), but presumably it was a scrivener's error. Its analysis and recognition that Petitioner's "prior conviction was for a federal drug offense, not a state offense" supports that the Government intended to cite § 924(e)(2)(A)(i)—which deals with prior federal convictions. *See* ECF No. 153 at PageID #: 3330.

14

(1:17CR342-2)
(1:22CV2279)

convictions are probative to a defendant's "culpability and dangerousness." *Id*. at 112. The Supreme Court explained that "[a] defendant's 'history of criminal activity' does not 'cease to exist' merely because the crime was later redefined." *Id*. at 113-14 (citing *McNeill v. United States*, 563 U.S. 816, 823 (2011)). In addition, "[a] prior drug conviction . . . augurs a risk of future dangerousness even if the drug is no longer considered dangerous." *Id*. at 114. In short, subsequent changes to the law by the legislature do not erase prior criminal history for sentencing purposes. *Id*. at 115.

In the case at bar, the enhancement under § 841(b)(1)(B) was appropriately applied to Velasquez's Count 2 because ioflupane was removed from Schedule II of the Controlled Substances Act *after* his 2006 federal drug conviction. Petitioner has not demonstrated that his prior federal drug conviction, which was a "serious drug offense" at the time it was committed, has been expunged or otherwise disturbed by the Schedule II amendments. *See McNeill*, 563 U.S. at 823 ("Congress has expressly directed that a prior violent felony conviction remains a 'conviction' unless it has been 'expunged, or set aside . . .'"). Therefore, Petitioner has not cleared the "significantly higher hurdle" for his non-constitutional claims relating to his 2006 federal drug conviction because he has not demonstrated that he is "actually innocent" of the underlying conviction. *See Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (citing *Frady*, 456 U.S. at 166).

Moreover, Petitioner's objections concerning the 2006 conviction are futile because, consistent with U.S.S.G. § 3D1.4, the Court determined Petitioner's sentence by applying the greater offense level of his two counts, which was 37 based on Count 1 (conspiracy to commit murder-for-hire), not Count 2. ECF No. 125 at PageID ##: 3045-46; Tr. of Proc. Resent'g Hr'g, ECF No. 139 at PageID #: 3180-81 (applying the offense level of 37 to both Counts 1 and 2).

15

(1:17CR342-2)
(1:22CV2279)

Accordingly, Petitioner cannot demonstrate any prejudice because the § 841 enhancement was immaterial to Petitioner's ultimate sentence.[6]

### C.  Ineffective Assistance of Counsel

The majority of Petitioner's grounds for relief allege ineffective assistance of counsel claims.  *See* ECF Nos. 157-1 and 158-1.  The Sixth Amendment guarantees all defendants the right to constitutionally effective assistance of counsel.  Courts presume counsel is effective; therefore, a petitioner has a significant hurdle in establishing counsel was ineffective.  In *Strickland v. Washington*, 466 U.S. 668, 686 (1984), the Supreme Court held:

> The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.

*Id.*  To establish that counsel was ineffective, a defendant must prove that: (1) the counsel's performance was deficient; and (2) the deficient performance prejudiced the defendant.  *Id.* at 687.

A counsel's performance is deficient when that counsel made errors so serious that he or she was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  *Id.*

---

[6] To the extent Petitioner argues the enhancement was not immaterial to his sentence because the Court imposed an 8-year term of supervised release for Count 2 as required by § 841(b)(1)(B), such argument is not well-taken.  At resentencing, the Court explained that such a term was warranted because "once outside of prison walls . . . [Petitioner] returned to criminal conduct[.]"  Tr. of Proc. Resent'g Hr'g, ECF No. 139 at PageID #: 3180-81.  In any event, the Court retains discretion to modify, reduce, or revoke supervised release depending on a defendant's performance under the conditions imposed. *See United States v. Lester*, 92 F.4th 740, 742-43 (8th Cir. 2024) (citing *United States v. Spinelle*, 41 F.4th 1056, 1060 (6th Cir. 1994)) ("section 841(b)(1) does not impact a district court's ability under § 3583(e)(1) to later terminate an individual's supervised release after the individual has served at least one year.").  As Petitioner is not yet subject to such conditions, his claims regarding the length of his supervised release are premature.

16

(1:17CR342-2)
(1:22CV2279)

In determining whether counsel's performance prejudiced the defendant, "Petitioner must show a reasonable probability that, but for his attorney's errors, the proceedings would have produced a different result." *Ross*, 339 F.3d at 492 (citing *Strickland*, 466 U.S. at 694).  To show prejudice in the sentencing context, a movant must establish that his "sentence was *increased* by the deficient performance of his attorney." *Spencer v. Booker*, 254 F. App'x 520, 525 (6th Cir. 2007) (citing *Glover v. United States*, 531 U.S. 198, 200 (2001)) (emphasis added).  "When applying *Strickland*, if we can more easily dispose of an ineffective assistance claim based on lack of prejudice, we should follow that route." *Ross*, 339 F.3d at 492 (citing *Watson v. Marshall*, 784 F.2d 722, 726 (6th Cir. 1985)).

As explained herein, Petitioner was not prejudiced by either his trial counsel's or appellate counsel's performance.

### D.  Petitioner's Initial Grounds for Relief Under 28 U.S.C. § 2255 (ECF No. 148)

Petitioner's first two grounds for relief state that: (1) he was never given an opportunity to object to the 21 U.S.C. § 851 designation in violation of due process and fair notice; and (2) application of the enhancement constitutes cruel and unusual punishment because the sentence far exceeds the 63 to 78 month sentencing guideline range recommended for his Count 2 offense level calculation of 24 with a Criminal History Category III.  ECF No. 148.  Neither ground has merit.

Addressing Ground One, Petitioner argues he was never given an opportunity to object to the § 841(b)(1)(B) designation.[7]  ECF No. 148.  Petitioner also asserts that he was not afforded

---

[7] Petitioner's Initial Motion references a § 851 designation.  The Court understands Petitioner's objection is to both the designation under 21 U.S.C. § 841(b)(1)(B), and the notice of that designation required under 21 U.S.C. § 851.

(1:17CR342-2)
(1:22CV2279)

"any fair Notice of the disqualifying cocaine offense from the government."  ECF No. 148 at PageID #: 3289.  In response, the Government contends that it complied with the § 851's notice provision by filing a notice of prior conviction enhancement.  Gov't Notice of Prior Conviction Enhancement, ECF No. 17 at PageID ##: 54-55.  The Government also retorts that Petitioner did have an opportunity to object, but that his trial counsel chose not to do so.  Resp't Opp'n to Mot. to Vacate, ECF No. 153 at PageID #: 3329.

A review of the record supports the Government's position.  In particular, the § 851 notice was discussed during the Final Pretrial Hearing:

> MR. McDONOUGH: The penalties for Count 1 would include a maximum term of incarceration of ten years, a maximum fine of $250,000 and a term of supervised release of three years.  We did file the notice of enhancement regarding Count 2, the 851 enhancement as it relates to both.  So they would face a mandatory minimum of 10 years to a maximum of 80 years for – I'm sorry, I misspoke, Your Honor.  A mandatory minimum of 10 years to a maximum of life for Count 2.

> THE COURT: As opposed to what would have been the maximum of 40 years?

> MR. McDONOUGH: Correct, Your Honor.

> THE COURT: Defense counsel, I haven't meant to leave you out of this.  The first question, how the government sees the intersection of the two counts, you can weigh in on if you would like to offer something more.  But regarding the maximum possible penalties, Mr. Amendolara, any challenge or objection to what Mr. McDonough has stated?

> MR. AMENDOLARA: No, Your Honor.

> THE COURT: Thank you. Mr. Bradley?

> MR. BRADLEY: No, Your Honor.  Thank you.

18

(1:17CR342-2)
(1:22CV2279)

Tr. of Proc. Final Pretrial Hr'g, ECF No. 73 at PageID ##: 2453-54; ECF No. 153 at PageID #: 3329.[8]  The record confirms Petitioner had an opportunity to object to the § 841 designation and declined to do so.  To the extent Petitioner alleges ineffective assistance of counsel, such claims lack merit for the reasons addressed in the Court's analysis of Ground One in the first amendment.[9]  *See infra* Section III.E.1.  Therefore, Petitioner's first ground for relief is denied.

The second ground for relief, which claims Petitioner's sentence constitutes "cruel and unusual punishment," also lacks merit.  As set forth above, the § 841 enhancement, although properly applied to Petitioner, was immaterial because his sentence was based on the final offense level of 37, which was calculated for Count 1 (conspiracy to commit murder-for-hire) under U.S.S.G. § 2A1.5.  ECF No. 125 at PageID ##: 3045-46; ECF No. 139 at PageID #: 3180-81.  Applying the same offense level to Counts 1 and 2, pursuant to U.S.S.G. § 3D1.4, the Court imposed a 240-month sentence for Count 2 (concurrent with Velasquez's maximum 120-month sentence for Count 1), which is well within the guidelines range of 235 to 293 months for his offense level of 36 and Criminal History Category III.  ECF No. 125 at PageID ##: 3045-46; ECF No. 139 at PageID #: 3203-04.

For these reasons, Petitioner's initial grounds for relief under 28 U.S.C. § 2255 are denied.

---

[8]  Petitioner was represented by Attorney Jack Bradley; his co-defendant was represented by Attorney Samuel Amendolara.  *See* Tr. of Proc. Final Pretrial Hr'g, ECF No. 73.
[9]  Additionally, Petitioner was present and did not disagree with his counsel's responses.

(1:17CR342-2)
(1:22CV2279)

### E.  Grounds added by Petitioner's First Amendment (ECF No. 157-1)

Petitioner's first amendment to his § 2255  motion alleges nine additional grounds for relief.  For the reasons stated herein, the nine additional grounds for relief under § 2255 are denied.

#### 1.  Ground One

In his first ground for relief, Petitioner claims he was denied effective assistance of trial counsel because trial counsel failed to object to and/or challenge reference to his 2006 prior drug conviction.  ECF No. 157-1.  Petitioner must demonstrate that but for trial counsel's failure to object, the outcome would have been different (*i.e.*, his sentence would have been lower).  *See Spencer*, 254 F. App'x at 525.  Petitioner argues that his counsel knew or should have known ioflupane had been removed from the Schedule II list and argued against applying the § 841 enhancement to Count 2 during sentencing.  ECF No. 157-1 at PageID ##: 3354-55. Furthermore, Petitioner claims that counsel's failure to do so resulted in a higher sentence.  ECF No. 157-1 at PageID #: 3355.

Petitioner's arguments are unpersuasive.  As explained above, changes to the Controlled Substance Act do not affect Petitioner's 2006 drug conviction or the application of the § 841 enhancement.  *Supra* Section III.B.  In addition, the Court imposed a sentence consistent with the advisory guideline ranges based on Petitioner's final offense level, which was calculated for Count 1 and then, pursuant to U.S.S.G. § 3D1.4, applied to both Counts 1 and 2.  ECF No. 125 at PageID ##: 3045-46; Tr. of Proc. Resent'g Hr'g, ECF No. 139 at PageID #: 3180-81.  Even if trial counsel had objected to the § 841 enhancement, it would not have changed the outcome of his trial or resulted in a lower sentence.  Because Petitioner cannot demonstrate any prejudice, his ineffective assistance of counsel claim is denied.

(1:17CR342-2)
(1:22CV2279)

       *2.   Ground Two*

       Petitioner's second ground for relief under § 2255 claims he is actually innocent of the sentence enhancement because he no longer has the predicate to trigger the § 841 enhancement. ECF No. 157-1 at PageID ##: 3357-60.  Petitioner should have raised this issue on direct appeal, and he has not demonstrated: (1) good cause for failing to raise the issue on appeal and actual prejudice; or (2) actual innocence.  *See Oppong v. U.S.*, 2025 WL 655542, at *4.  As explained above in Section III.B., Petitioner's 2006 federal drug conviction is unaffected by subsequent amendments to the Schedule II definitions and, in any event, his sentence was based on the offense level calculated for Count 1, not Count 2.  Therefore, Ground Two lacks merit.

       *3.   Ground Three*

       Petitioner's third ground for relief alleges ineffective assistance of counsel because trial counsel failed to seek a favorable plea agreement.  ECF No. 157-1.  Although "the *Strickland* standard extends generally to the plea process," *Chaidez v. United States*, 568 U.S. 342, 349 (2013), "there is no constitutional right to plea bargain."  *Weatherford v. Bursey*, 429 U.S. 545, 561 (1977).  In its opposition brief, the Government reiterates that it had no obligation to offer Petitioner a plea agreement, joint or otherwise.  ECF No. 182 at PageID #: 3504.  *See Javaherpour v. United States*, Nos. 4:04-cv-38 / 4:01-cr-11 Edgar/Lee, 2007 WL 9718472, at *11 (E.D. Tenn. Jan. 22, 2007) (citing *United States v. Hall*, 212 F.3d 1016, 1022 (7th Cir. 2000)) ("[N]o prosecutor is ever under any obligation to consider much less offer a plea bargain.").  The Government also points out that Velasquez was notified by his trial counsel about the Government's joint-plea offers and informed by the Court on multiple occasions that he could plead guilty at any point prior to or during trial.  ECF No. 182 at PageID #: 3504.

(1:17CR342-2)
(1:22CV2279)

Petitioner does not dispute that the Government offered him and his co-defendant two joint-plea agreements and that he declined both.  ECF No. 157-1 at PageID ##: 3360-61. Instead, Petitioner argues that he merely adopted his co-defendant's "legal reasoning" for rejecting the joint-plea agreement and that his trial counsel should have sought a plea agreement specifically for Velasquez.  ECF No. 157-1 at PageID ##: 3361-62.

Petitioner's argument that counsel was ineffective for failing to seek out of favorable plea agreement is belied by the record.  During trial, the Court asked Petitioner whether his attorney had relayed the Government's joint-plea offers; Petitioner acknowledged his attorney had done so.  Tr. of Jury Trial, Vol. 1, ECF No. 41 at PageID #: 486.  The Court asked Petitioner if he had rejected both joint-plea offers; Petitioner admitted he had rejected both offers.  ECF No. 41 at PageID #: 486.  The Court asked Petitioner if he desired to proceed to trial; Petitioner stated he did.  ECF No. 41 at PageID #: 486.  The Court reminded Petitioner that he could change his mind as trial progressed.  ECF No. 41 at PageID #: 486.  As the trial progressed, the Government offered both defendants an opportunity to plead guilty without an agreement.  Tr. of Jury Trial, Vol. 4, ECF No. 46 at PageID ##: 1823-24.  After considering the offer overnight, Petitioner declined, and the case proceeded to trial.  ECF No. 47 at PageID #: 1892.

That Petitioner now regrets his decisions does not render his trial counsel's performance deficient.  Ground Three is, therefore, denied.

   4.  *Ground Four*

Ground Four claims Petitioner was denied effective assistance of counsel because his trial counsel did not ensure the Court answered both the jury's legal questions.  ECF No. 157-1 at PageID #: 3364.  During trial, the jury submitted a two-part question to the Court: "Is it the jury's purpose to distinguish between 'commit murder' and criminal act' or does one satisfy

22

(1:17CR342-2)
(1:22CV2279)

both?  In other words, can the jury convict on criminal act alone without attaching the murder

component?"  ECF No. 54 at PageID #: 2282.  Petitioner claims the Court only answered the

jury's first question, not the second.  ECF No. 157-1 at PageID #: 3364.  He is mistaken.

Not only does the record demonstrate the Court answered both questions submitted by

the jury, it also demonstrates Petitioner's counsel was consulted and agreed to the Court's

answers.  Tr. of Jury Trial, Vol. 7, ECF No. 54 at PageID ##: 2282-83.  Regarding the jury's

second question in particular, the record indicates as follows:

> THE COURT: And regarding the second question, Mr. McDonough
> suggested that I refer the jurors to the elements, especially that on
> page 15 that the foreperson has written about, in answer to the
> question that is, "In other words, can the jury convict on criminal act
> alone without attaching the murder component?"
>
> I think page 15 answers that.  Item C falls under language that says,
> "The conspiracy is a kind of criminal partnership.  For you to find
> any one of the defendants guilty of the conspiracy charged, the
> government must prove each and every one of the following
> elements beyond a reasonable doubt."  And C is, "Third, the murder
> in question was intended to be committed."
>
> I think the 12 of them should be able to answer that question for
> themselves.
>
> MR. AMENDOLARA: Agreed.
>
> THE COURT: All right, then.
>
> MR. BRADLEY: That's fine, Your Honor.

ECF No. 54 at PageID  #: 2285.  Petitioner's trial counsel agreed to the Court's answer to the

jury's second question, which was provided to the jury.  See ECF No. 54 at PageID ##: 2286-87.

Because the Court did answer both jury questions, Petitioner's fourth ground for relief lacks merit

and is denied.

(1:17CR342-2)
(1:22CV2279)

### 5. Ground Five

Petitioner alleges the Court committed a "structural error" when court failed to answer both jury questions.  This non-constitutional challenge is one that could—and should—have been raised on direct appeal and it is not appropriate for a § 2255.  *See Oppong*, 2025 WL 655542, at *4.  Petitioner has offered no explanation or facts demonstrating good cause for his failure to raise this issue on appeal.  Even so, Ground Five fails on the merits because, as explained in the Court's analysis concerning Ground Four, the Court did answer both jury questions.  *Supra* Section III.E.4.; Tr. of Jury Trial, Vol. 7, ECF No. 54 at PageID ##: 2282-87.  Ground Five is denied.

### 6. Ground Six

In Ground Six, Petitioner alleges ineffective assistance of counsel when his appellate counsel failed to raise, brief, and argue that the Court abused its discretion by declining to apply a two-level reduction for acceptance of responsibility.  ECF No. 157-1 at PageID ##: 3369-73.  "Acceptance of responsibility is a factual determination left to the sound discretion of the district court, and the court's determination on this issue is not to be disturbed unless clearly erroneous."  *United States v. Nichols*, 979 F.2d 402, 414 (6th Cir. 1992).  As the Court explained during Petitioner's initial sentencing, whether a defendant accepts responsibility to qualify for the reduction depends on "pretrial statements and conduct."  ECF No. 114 at PageID #: 2843.  *See United States v. Sims*, 603 F. App'x 479, 485 (6th Cir. 2015) (discussing the application of U.S.S.G. § 3E1.1).

The Court agreed that a defendant may be entitled to a reduction even if the defendant exercises his constitutional right to trial for the purpose of asserting and preserving issues unrelated to guilt.  ECF No. 114 at PageID #: 2842 (citing U.S.S.G. § 3E1.1).  That was not the

(1:17CR342-2)
(1:22CV2279)

case here and the Court finds no error in its refusal to grant Velasquez a two-level reduction for acceptance of responsibility.  *United States v. Williams,* 952 F.2d 1504, 1517 (6th Cir.1991); *United States v. Williams,* 940 F.2d 176, 181–83 (6th Cir. 1991).  Aside from his conclusory statements that his appeal on this issue was a "dead-bang winner," (*see* ECF No. 157-1 at PageID #: 3370), Petitioner has offered no factual or legal support that the outcome of his appeal would have been different but for his appellate counsel not raising the issue.  *See Ross*, 339 F.3d at 492. Therefore, Petitioner's ineffective assistance of counsel claim in Ground Six is denied.

> 7.  *Ground Seven*

In his seventh ground for relief, Petitioner claims ineffective assistance of counsel because his appellate counsel failed to raise, brief and argue that Velasquez lacked "intent" to receive money for the murder, an essential element of Count 1.  ECF No. 157-1 at PageID ##: 3374-77.  Petitioner argues appellate counsel's performance was deficient because they did not raise on appeal trial counsel's failure to challenge the sufficiency of the evidence concerning Petitioner's "intent" to receive payment for the murder-for-hire charge.  ECF No. 157-1 at PageID #: 3375.  Petitioner has not demonstrated a "reasonable *probability* that, but for counsel's unprofessional errors, the result of the [appeal] would have been different."  *Strickland*, 466 U.S. at 689 (emphasis added).  While it may be *possible* that the outcome might have been different, Petitioner has provided insufficient evidence to demonstrate it was *probable* the outcome would have been different.  Indeed, the Sixth Circuit affirmed Petitioner's conviction, noting that there was sufficient evidence to convict him and his co-defendant of conspiracy to commit murder-for-hire, including Velasquez's intent to receive something of pecuniary value in exchange for committing murder.  *Cordero*, 973 F.3d at 614-15; *Velasquez*, 81 F.4th at 586-87.

(1:17CR342-2)
(1:22CV2279)

To the extent Petitioner's attempts to relitigate his appeal, such arguments are not appropriate for a § 2255 motion.  *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999) ("[A] § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law.").  Ground Seven is denied.

    8.  *Ground Eight*

Petitioner's eighth ground for relief claims that the Court lacked jurisdiction and violated Petitioner's due process rights by failing to hold a hearing prior to sentencing regarding the application of the enhancement under 21 U.S.C. § 841(b)(1)(B) on Count 2.  In particular, Petitioner argues that the Court was required to provide him with a hearing pursuant to 21 U.S.C. § 851(b).  ECF No. 157-1 at PageID #: 3378.

The Sixth Circuit has previously held "the failure to engage in a § 851(b) colloquy harmless where a defendant 'neither filed the requisite response under § 851(c)(1) challenging the validity of his prior drug conviction, nor . . . object[ed] at sentencing to the use of these convictions to trigger a statutory minimum 10-year term of imprisonment.'"  *United States v. Walker*, 761 F. App'x 547, 532 (6th Cir. 2019) (quoting *United States v. Denkins*, 367 F.3d 537, 549 (6th Cir. 2004)).

That is the case here.  Section 851(c)(1) states, in relevant part:

> If the person denies any allegation of the information of prior conviction, or claims that any conviction alleged is invalid, he shall file a written response to the information.  . . . The court shall hold a hearing to determine any issues raised by the response which would except the person from increased punishment.

As explained above, Petitioner was provided advance notice, pursuant to § 851, of the Government's intention to seek a sentencing enhancement under § 841(b)(1)(B) on Count 2.  He

(1:17CR342-2)
(1:22CV2279)

did not object to Government's intention to pursue the enhancement or challenge the facts

underlying his 2006 conviction.  Tr. of Proc. Final Pretrial Hr'g, ECF No. 73 at PageID ##:

2453-54; ECF No. 153 at PageID #: 3329; *see supra* Section III.B. and C.1.  Regardless, the §

841 enhancement was immaterial to Petitioner's sentencing, which was determined by applying

the offense level calculated for Count 1, not Count 2.

Therefore, not providing Petitioner with a hearing under § 851(b) concerning his 2006

drug conviction was harmless error.  Ground Eight is denied.

> 9.  *Ground Nine*

Petitioner's ninth ground for relief under § 2255 alleges ineffective assistance of counsel

when trial counsel failed to object during sentencing to the PSR finding Velasquez was facing a

mandatory minimum of 10 years under the § 841 enhancement for Count 2.  ECF No. 157-1 at

PageID ##: 3381-83.  As explained at length above, because the § 841 enhancement was

immaterial to Petitioner's sentence, he cannot demonstrate his trial counsel's failure to object

prejudiced him and, therefore, Ground Nine is denied.

**F.  Ground Added by Petitioner's Second Amendment (ECF No. 158-1)**

In his second amendment, Petitioner alleges one final ground for relief under § 2255,

claiming ineffective assistance of counsel when his appellate counsel failed to raise, brief, and

argue plain error and/or abuse of discretion by the district court for failing to explain the reasons

for exceeding the statutory maximums for Count 2.  ECF No. 158-1.  Because the Court did not

exceed the statutory maximum, as explained above, Petitioner's argument fails.

Regardless, the record is replete with the Court's analysis and explanation concerning the

Petitioner's sentencing calculations.  *See generally*, Tr. of Proc. Sent'g Hr'g, ECF No. 114; ECF

No. 139.  Given the extensive record concerning the Court's calculation of Petitioner's offense

27

(1:17CR342-2)
(1:22CV2279)

level and criminal history category—which was affirmed by the Sixth Circuit (*see Velasquez*, 81 F.4th at 586-87)—Petitioner cannot meet his burden to demonstrate that, but for his appellate counsel's failure to raise an abuse of discretion claim on appeal, the outcome of that appeal would have been different. *Ross*, 339 F.3d at 492 (citing *Strickland*, 466 U.S. at 694).

Therefore, Ground Ten is denied.

## IV.    CONCLUSION

For the reasons above, the grounds for relief alleged in Petitioner's Motion to Vacate and/or Correct Petitioner's Sentence under 28 U.S.C. § 2255, as amended, are denied.  The motion is dismissed.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. §2253(c); Fed. R. App. P. 22(b).  A separate Order of Dismissal will issue.


IT IS SO ORDERED.


 September 29, 2025                                          */s/ Benita Y. Pearson*
 Date                                                       Benita Y. Pearson
                                                            United States District Judge

28